# EXHIBIT C

# (DOJ Letter to Franklin County, August 6, 2026)

**U.S. Department of Justice**
Civil Division

*Office of the Assistant Attorney General*

*Washington, DC 20044*

August 6, 2026

***VIA EMAIL***

The Hon. Jessica D'Varga
Administrative and Presiding Judge
Franklin County Municipal Court
375 S. High St.
Columbus, Ohio 43215

Enoch White
Director of Security
Franklin County Municipal Court
375 S. High St.
Columbus, Ohio 43215

Dear Judge D'Varga and Mr. White:

We write to seek assurances that neither your offices nor the Franklin County Municipal Court plans to enforce Local Rule 2.10(B)(1) ("arrest restriction" or "local rule") against federal law enforcement officers. The local rule purports to limit the circumstances in which federal officers can execute arrests pursuant to federal law by providing that "[n]o individual shall be subject to a civil arrest while present in the courthouse for the purpose of attending a court proceeding or conducting other lawful court business," unless pursuant to a judicial warrant issued by a judge. Franklin Cnty. Mun. Ct. Loc. R. 2.10(B). The enforcement of such a rule would be unconstitutional under the Supremacy Clause. *See McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 436 (1819). Moreover, the arrest restriction threatens the safety of federal officers and undermines their lawful enforcement operations. Such a rule cannot stand.

As you are aware, the Supremacy Clause of the United States Constitution mandates that "[t]his Constitution, and the Laws of the United States . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. The Supremacy Clause incorporates principles of intergovernmental immunity; accordingly, a state or local enactment is invalid if it "regulat[es] the United States directly." *United States v. Washington*, 596 U.S. 832, 838 (2022) (citation omitted). And the preemption doctrine bars state and local laws that "stand[] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Crosby v. National Foreign Trade Council,* 530 U.S. 363, 372–73 (2000) (quotation marks omitted). The Constitution separately grants the Federal Government broad and preeminent authority over immigration and enforcement of federal law. *See Arizona v. United States*, 567 U.S. 387, 394–95 (2012).

Through the Immigration and Nationality Act (INA), and related statutes, Congress has created an "extensive and complex" framework for the "governance of immigration and alien

status." *Id.* at 395; *see* 8 U.S.C. § 1101 *et seq.* As relevant here, Congress has specified procedures for "arrest[ing] an alien during the removal process" to effectuate detention. *Arizona*, 567 U.S. at 407. The INA provides that "an alien may be arrested and detained" pending a removal proceeding based on "a warrant issued by the [Secretary of Homeland Security]." 8 U.S.C. § 1226(a). The statute thus authorizes federal immigration agents to rely on administrative warrants, which are issued by the Executive Branch rather than by a judicial officer. Federal authorities also may arrest an alien "without [a] warrant" if the agent "has reason to believe that the alien" is unlawfully present in the United States and "is likely to escape before a warrant can be obtained for his arrest." *Id.* § 1357(a)(2).

One INA provision expressly contemplates that immigration enforcement actions may take place at courthouses. If an "enforcement action leading to a removal proceeding was taken against an alien" at certain locations—including a "courthouse" if the alien is appearing in connection with certain proceedings—the document initiating the removal proceeding must include a statement of compliance with certain confidentiality requirements. *Id.* § 1229(e)(1), (2)(B). This provision would make little sense if the arrest authorities of Sections 1226(a) and 1357(a)(2) do not authorize enforcement actions at state and local courthouses in the first instance. None of these provisions places any geographic limitations on where federal agents may exercise their civil immigration arrest authority.

Unfortunately, some states and localities have enacted so-called "sanctuary policies" to impede federal immigration enforcement, going so far as to even directly regulate federal law enforcement in the performance of their official duties. That is precisely what the Franklin County Municipal Court has done with its arrest restriction. Proposed in response to immigration arrests at the courthouse earlier this year,[1] the local rule purports to bar such arrests in or around the courthouse absent a judicial warrant. Such interference with and regulation of federal immigration enforcement is invalid both because it is preempted and because it violates the doctrine of intergovernmental immunity.

The arrest restriction also endangers federal officers and undermines federal law enforcement operations and interferes with the Federal Government's ability to enforce the law. Conducting an arrest at or near a courthouse often reduces the risk of flight and lessens safety risks to the public, law enforcement officers, and subjects themselves, in part because individuals are typically screened for weapons or other contraband before entering a courthouse. Indeed, criminal warrants are often executed at courthouses for this very reason. The same rationale applies to immigration enforcement.

In light of all this, federal officers will continue to exercise federal authority in their discretion. The United States Department of Justice thus seeks your assurances that this unconstitutional local rule will not be enforced against federal officers by no later than August 21, 2026.

---

[1] *See* Bailey Gallion, *Franklin County Municipal Court Proposes Rule to Prevent ICE Arrests*, THE COLUMBUS DISPATCH (Mar. 11, 2026), https://www.dispatch.com/story/news/crime/2026/03/11/franklin-county-municipal-court-publishes-rule-aimed-to-curb-ice-arrests/89097685007/?gnt-cfr=1&gca-cat=p&gca-uir=true&gca-epti=z1143xxp117850l004450c117850e1143xxv006485d--49--b--49--&gca-ft=181&gca-ds=sophi.

Sincerely yours,

Brett A. Shumate
Assistant Attorney General
Civil Division