**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANKLIN COUNTY MUNICIPAL COURT, ET AL.,<br><br>Defendants. | Case No. 2:26-cv-1025<br><br>Judge Edmund A. Sargus<br><br>Magistrate Judge Kimberly Jolson |

**DECLARATION OF STEVE DUNBAR**
**CHIEF OF THE PROPERTY ACTION TEAM**
**COLUMBUS CITY ATTORNEY'S OFFICE**

I, Steve Dunbar, declare and testify as follows:

## I. Background:

1. This declaration is based on my own personal knowledge, experience, and review of relevant business records and other sources. If I were called to testify as a witness, I could and would testify competently to the truth of the matters discussed in this declaration.

2. I am the Chief of the Property Action Team of Columbus City Attorney Zach Klein. I have served in this position since 2016. As Chief of the Property Action Team, I supervise a group of six attorneys and six support staff who identify nuisance properties in the City of Columbus and file injunctive actions to abate the nuisance conditions at these properties.

3. The Property Action Team practices predominantly in the Environmental Division of the Franklin County Municipal Court.

4. The Environmental Division of the Franklin County Municipal Court is a court that is exclusive to Franklin County and different in powers from other municipal courts located throughout the State of Ohio.

5. The Environmental Division of the Court has jurisdiction to hear misdemeanor as well as felony level public nuisance criminal cases. In addition, the Environmental Division of the Franklin County Municipal Court may hear cases with more than $15,000 in alleged damages, unlike other municipal courts throughout the State.

6. This means that, unlike municipal courts in the rest of the State, the Environmental Division of the Franklin County Municipal Court can hear cases that would have to be heard by a common pleas court.

7. The main focus of the work of the Property Action Team is nuisance abatement. We bring both civil and criminal cases against bad landlords, problem properties, after-hours bars, drug houses, and other properties that adversely affect the quality of life in Columbus.

8. As a part of bringing these cases, my team is very engaged in meeting with and working with community members and community leaders. The attorneys in our section regularly attend community meetings to hear about issues each of the City's neighborhoods face.

9. For example, the Property Action Team filed a nuisance case against the Colonial Village Apartment complex in Columbus. That case was filed in the Franklin County Municipal Court's Environmental Division.

10. That property was an apartment complex of approximately five hundred units. We received reports of substandard living conditions, high incidents of crime, and various violations of the City's housing code.

11. This complex was supposed to be largely vacant but we learned that it had numerous individuals living in uninhabitable units who were speaking Haitian Creole or French.

12. During the investigation and litigation, we learned that Colonial Village had a property manager who was illegally renting units in this complex out and then stealing the rent

money for herself, leaving the tenants without a legal claim to the units they were paying for. The conditions of many of the units in this complex were also substandard, including bug and vermin infestations, and building code violations, such as having no water, heat or air conditioning.

13. The City of Columbus worked with various partners and governmental units to move the tenants out of Colonial Village and into safe housing.

14. Colonial Village is a single example of the important work our section and the Environmental Division of the Municipal Court do, and that work would not have been possible if the tenants of Colonial Village were unwilling to work with our section or to seek justice at the Franklin County Municipal Court.

15. As word spread that immigration enforcement has been active inside the Franklin County Municipal Court, I have noticed that some individuals are concerned and are less willing to speak with our team.

16. In the work we do, it is important to have community members speak with us, the police, the fire department, health officials, and other government representatives.

17. The Property Action Team shares office space with the domestic violence Victim Advocates in the City Attorney's Criminal Division on the 17th Floor of the Franklin County Municipal Court.

18. Beyond my office, I have heard the concerns, especially among the Victim Advocates, about how immigration enforcement in the municipal court building had made it more difficult for them to be able to do their jobs. The survivors that they worked with were less willing to speak with them, to cooperate in criminal cases, and to seek out help for themselves and their families.

19. Starting in early 2025, I had conversations with Melanie Tobias-Hunter, the chief of the Criminal Division of City Attorney Zach Klein's office. We spoke about making sure we were consistent in the approach we took with our staffs over immigration enforcement.

20. Both Melanie Tobias-Hunter and I decided that we would tell our staffs that, if a federal immigration official asks if a particular person has checked in, we would say either yes or no but they were not to give any more information out than that.

21. I have learned that federal immigration officials have gone to court and asked local employees to point out particular individuals or to identify particular individuals for them.

22. I instructed my staff that they were not required to provide any identification of individuals to federal law enforcement officials.

23. Melanie Tobias-Hunter provided the same instruction to her staff.

24. During my time in the Municipal Courthouse, I have carried a cellphone and I know other people have carried cellphones as well. There is no prohibition against carrying or using a cellphone inside the Courthouse itself and security staff does not collect or confiscate cellphones from individuals who go through security with a cellphone.

25. Some judges regulate the use of cellphones in their courtrooms and some do not.

26. However, there is no prohibition against the use of a cellphone in the hallways and other areas of the courthouse.

27. People are free to take video on their cellphones of things and people in the hallways of the courthouse.

28. If federal immigration officials were present in the Franklin County Municipal Courthouse, any individual who was there would be able to video that agent as they were in the courthouse itself. There is simply no prohibition against doing so.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 23, 2026

*/s/ Steve Dunbar*________________________________

Steve Dunbar

Managing Attorney

Property Action Team

Columbus City Attorney's Office

City of Columbus, Ohio