EXHIBIT I

OHIO LEGISLATIVE SERVICE COMMISSION

www.lsc.ohio.gov

Office of Research and Drafting

Legislative Budget Office

S.B. 172
136th General Assembly

# Bill Analysis

Click here for S.B. 172's Fiscal Note

**Version:** As Reported by Senate Armed Services, Veterans Affairs, and Public Safety

**Primary Sponsor:** Sen. Roegner

Emily E. Wendel, Attorney

## SUMMARY


- Requires state and local public offices and public officials to allow the arrest or detention of any person who is, or is suspected of being, unlawfully present in the U.S. for the person's removal (deportation) or for other immigration-related purposes or proceedings.
- Allows such an arrest or detention to happen anywhere in Ohio under any circumstances, notwithstanding the continuing law that extends a privilege from arrest in certain cases.
- Applies to arrests or detentions conducted by a federal, state, or local law enforcement agency or officer, with or without a warrant, and regardless of whether the proceedings are administrative, civil, or criminal in nature.


## DETAILED ANALYSIS

### Arrest and detention of unlawfully present persons

The bill requires state and local public offices and public officials to allow the arrest or detention of any person who is, or is suspected of being, unlawfully present in the U.S. for the person's removal (deportation) or for other immigration-related purposes or proceedings. Under the bill, such an arrest or detention may happen anywhere in Ohio under any circumstances, notwithstanding the continuing law that extends a privilege from arrest in certain cases.

The bill applies to arrests or detentions conducted by a federal, state, or local law enforcement agency or officer, with or without a warrant, and regardless of whether the proceedings are administrative, civil, or criminal in nature. (Under federal law, many immigration violations are civil or administrative in nature, rather than criminal, and some arrest warrants are issued by an administrative agency instead of a court. See "**Privilege from civil arrest under Ohio law**," below.) However, the protections afforded under the U.S. Constitution and the Ohio Constitution continue to apply to any arrest or detention.

As used in the bill, "public official" includes all elected or appointed officials, officers, employees, or duly authorized representatives or agents of a public office. "Public office" includes every department, bureau, board, commission, office, or other organized body established by the Ohio Constitution or the laws of Ohio for the exercise of any function of state government, including any state-supported institution of higher education, any public school, any court or judicial agency, or any political subdivision or agency of a political subdivision. "Public office" does not include the General Assembly or a legislative agency of the General Assembly.

The bill's requirements supersede any conflicting rule, ordinance, resolution, policy, directive, or other conflicting action of a public office or public official. Under the bill, a public office or public official is prohibited from doing, or attempting to do, any of the following:[1]

- Granting any privilege prohibited by the bill;
- Enforcing any rule, ordinance, resolution, policy, directive, or other action that purports, attempts, or is designed to grant any privilege prohibited by the bill;
- Obstructing or otherwise interfering, directly or indirectly, with a federal, state, or local law enforcement agency or officer who is arresting or detaining a person under the bill;
- Prohibiting any person from inquiring or providing information about an individual's citizenship or immigration status, release date, or other personal identifying information in furtherance of an immigration enforcement action;
- Prohibiting any person from otherwise aiding or cooperating with a federal, state, or local law enforcement agency or officer in arresting or detaining a person under the bill;
- Seeking or imposing any form of civil or criminal liability or penalty against any person acting in good faith under the bill, including by holding the person in contempt of court, ejecting or removing the person from a public office or its surrounding grounds, or barring the person from future access to a public office or its surrounding grounds, on the ground that the person violated any rule, ordinance, resolution, policy, directive, or other action that conflicts with the bill.

Current law requires state and local governmental entities to cooperate with federal immigration authorities in at least some circumstances. Both federal law and Ohio law require state and local government entities to allow their employees to exchange citizenship or immigration status information with federal immigration officials. State and local governments also must comply with lawful requests for assistance from federal immigration authorities, "to the extent that the request is consistent with the doctrine of federalism." (See "**Background on federal immigration enforcement**," below.) A local government that violates that requirement is ineligible to receive homeland security funding from the state. Finally, upon

[1] R.C. 9.631.

releasing an inmate, the Department of Rehabilitation and Correction must facilitate a transfer into federal custody upon request by federal immigration officials.[2]

## Privilege from civil arrest under Ohio law

Continuing Ohio law extends a privilege from arrest in certain circumstances. The privilege does not apply in cases of treason, felony, or breach of the peace. The Ohio Supreme Court has interpreted "breach of the peace" to include any criminal offense, meaning that the privilege is limited to civil arrest. Typically, a civil arrest is used to enforce a court's order in a civil lawsuit, such as to require a person to appear in court. An arrest under an administrative immigration warrant also might be considered a civil arrest. Ohio law prohibits a civil arrest from being carried out in the following circumstances:[3]

- Any person is privileged from arrest on a Sunday or on the Fourth of July.
- During a session of the House or Senate, members and staff of the General Assembly and anyone in the House or Senate chamber are privileged from arrest. Legislators and their staff also are privileged from arrest while traveling to and from session.[4]
- An elector is privileged from arrest while going to, returning from, or in attendance at an election.
- While attending court or going to or returning from court, a judge, attorney, bailiff, clerk, sheriff, coroner, constable, plaintiff, defendant, juror, witness, or other officer or employee of the court is privileged from arrest. Any other person attending a court session also is privileged from arrest.
- A person who is attending, going to, or returning from the person's place of worship on the person's traditional day of worship is privileged from arrest, as is a person who is attending, or going to or returning from, any worship service.

## Background on federal immigration enforcement

### Authority to arrest and detain

The U.S. Constitution reserves to the federal government the power to make and enforce immigration laws. In general, U.S. Customs and Immigration Enforcement (ICE), which is within the U.S. Department of Homeland Security (DHS), is responsible for identifying persons who are unlawfully present in the U.S. and initiating their removal through the federal immigration court system. A person may be considered "unlawfully present in the U.S." under federal immigration law if the person is an alien (not a U.S. citizen or national) and either (1) entered the U.S. without permission and has not since received permission to be in the U.S. or (2) entered the U.S. with permission, such as on a temporary visa, but that permission has expired.

---

[2] R.C. 9.63 and 2909.30, not in the bill; 8 United States Code (U.S.C.) 1373.

[3] R.C. 2331.11 through 2331.13, not in the bill; *Akron v. Mingo,* 169 Ohio St. 511 (1959).

[4] See also Ohio Constitution Article II, Section 12, regarding members of the General Assembly.

State and local law enforcement agencies do not have the power to independently determine whether a person is unlawfully present in the U.S. or to arrest or detain a person solely on that basis. However, federal law allows ICE to request a state or local agency to temporarily detain a person who was arrested on other grounds, pending transfer into ICE's custody. And, under the federal 287(g) program, ICE may enter into an agreement with a state or local agency to delegate limited immigration enforcement functions to its officers under ICE supervision. Currently, three agencies in Ohio have active 287(g) agreements with ICE: the Butler County Sheriff, the Portage County Sheriff, and the Seneca County Sheriff.[5]

## Courthouses

Current ICE guidance places certain limits on civil immigration enforcement actions in or near courthouses. Under the policy, ICE may take those actions in or near courthouses when they have credible information that leads them to believe that a "targeted alien" is or will be there, as long as local laws do not prohibit ICE from doing so. The guidance states that,

> [C]ivil immigration enforcement actions in or near courthouses should, to the extent practicable, continue to take place in non-public areas of the courthouse, be conducted in collaboration with court security staff, and utilize the court building's non-public entrances and exits. When practicable, ICE officers and agents will conduct civil immigration enforcement actions against targeted aliens discreetly to minimize their impact on court proceedings. . . . ICE officers and agents should generally avoid enforcement actions in or near courthouses, or areas within courthouses[,] that are wholly dedicated to non-criminal proceedings (e.g., family court, small claims court).

The policy does not apply to criminal immigration enforcement actions inside courthouses – for example, an arrest of a person who is charged with an immigration-related crime.[6]

## Protected areas

Past DHS directives also have placed other limits on the times and places where ICE officers could arrest persons. Previously, ICE enforcement actions were prohibited in "protected areas," with certain exceptions. Most recently, those areas included:[7]

---

[5] U.S. Constitution, Article I, Section 8, Clauses 3 and 4 and art. VI, cl. 2; 8 U.S.C. 1182(a)(9)(B)(ii), 1357(d) and (g), 1373, and 1644; and 8 Code of Federal Regulations (C.F.R.) 287.7. See also U.S. Immigration and Customs Enforcement, *Criminal Alien Program* and *Delegation of Immigration Authority Section 287(g) Immigration and Nationality Act,* available at ice.gov under "Immigration Enforcement."

[6] Director of U.S. Immigration and Customs Enforcement, *Interim Guidance: Civil Immigration Enforcement Actions in or near Courthouses (PDF)* (January 21, 2025), available at ice.gov/node/66174.

[7] U.S. Secretary of Homeland Security, *Guidelines for Enforcement Actions in or Near Protected Areas (PDF)* (October 27, 2021), available at ice.gov/about-ice/ero/protected-areas.

- Places of worship or religious study;
- Places where funerals, weddings, or other religious or civil ceremonies or observances occur;
- Schools, colleges, and universities;
- Places where children gather, such as playgrounds and child care centers;
- Health care facilities;
- Social services and disaster relief facilities;
- Parades, demonstrations, and rallies.

Under policy changes that were issued in January 2025, ICE agents are no longer restricted from conducting enforcement actions in locations that previously were designated as protected areas. Those policy changes are the subject of ongoing litigation, and at least one court order requires ICE to refrain from conducting enforcement actions in or around certain listed places of worship.[8]

# HISTORY

| Action | Date |
|---|---|
| Introduced | 04-08-25 |
| Reported, S. Armed Services, Veterans Affairs, and Public Safety | 06-12-25 |

ANSB0172RS-136/sb

[8] U.S. Secretary of Homeland Security, *Common Sense Enforcement Actions in or Near Protected Areas (PDF)* (January 31, 2025), available at ice.gov/node/66709. See also *Philadelphia Yearly Meeting of the Religious Society of Friends v. U.S. Department of Homeland Security,* 2025 U.S. Dist. LEXIS 47518, Case No. 8:25-CV-00243 (D. Md. February 24, 2025).